HAYNE BLACKBURN V. THE STATE.

No. 20747. Delivered February 14, 1940.
Rehearing Granted March 20, 1940.
State's Motion for Rehearing Denied April 17, 1940.

The opinion states the case.

*Stephens & Sams,* of Benjamin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by a bill of indictment in the Dis-

trict Court of Knox County with the offense of robbery by the use of firearms. A penalty of fifteen years in the penitentiary was assessed against him and he brings this appeal.

Ervin Nichols was engaged in running a filling station. He testified that on the 18th of November, 1938, he was operating his station at Vera, in Knox County, Texas; that about ten o'clock at night he was the last one in town to close; that as he was doing so, he met a man as he walked to his car to leave, who had on a mask and a gun in his hand. The man demanded his money, consisting of $28.00 or $29.00, and took from him a flashlight, together with some checks, a driver's license, etc. The witness was then told to get in his car and leave. It transpired that he had trouble in starting his car. While he was working on it, the party held his gun on him and talked to him. At first, he seemed excited and the witness did not recognize his voice, but as the party became natural, he easily recognized his voice as that of the appellant. Nichols knew the appellant and positively recognized him as the robber. He telephoned the officers that night and when they came, he told them who it was that had robbed him. The officers claimed that they wanted better evidence and did not arrest the appellant at the time they approached him. They arrested another boy in town and placed him in jail for three days. For reasons not disclosed they waited that length of time to arrest the appellant. The arrest was made in the city of Benjamin and the apellant was placed in jail. Immediately thereafter the sheriff obtained a search warrant and went to the home of the appellant and searched it. He found the flashlight which the prosecuting witness identified as the one taken from him on the night of the robbery. The evidence of the State is very positive

Appellant did not testify himself but placed his wife on the stand, who gave just as positive testimony that her husband was at home from sundown on the day of the alleged robbery until the next morning and could not possibly have been at the seat of the robbery. This is the sole defensive evidence.

There are two bills of exception in the record, one complaining of the affidavit for the search warrant, to which many objections are raised. The court's qualification destroys most of these objections, and this court is unable to find merit in any of them. We have carefully examined the affidavit, and it appears that the statute was followed in securing the search warrant. According to the court's qualification, which seems

to be supported by the evidence in the case, all due returns were made and the requirements of the statute were completely met.

The second bill of exception complains that the sheriff, while being cross-examined by the appellant's counsel, explained his reason for arresting the appellant at the time he did by saying that he had "heard of Hayne having some money." This was hearsay evidence and inadmissible. Certainly it was very damaging to the appellant, but the bill, as found in the record, was filed on the 16th day of August, 1939, without the approval of the trial judge. In that condition, it cannot be considered for any purpose.

The record failing to disclose any error which this court may consider, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

By proper proceeding, appellant's Bill of Exception No. 2 has been corrected so as to show that same was approved originally by the trial court and that the error in the transcript was made by the clerk. As indicated in the original opinion, the evidence complained of in said bill was improperly admitted and is of a nature that is very damaging to the appellant. The prosecuting witness testified that he reported to the sheriff, on the night of the robbery, that he had been robbed and that the appellant was the one who did it. The sheriff did not arrest him for several days. His failure to do so was considered by the appellant as a circumstance in denial of the evidence given by the prosecuting witness. To overcome this, the State offered to prove, and was permitted over appellant's objection, to show by the sheriff that he was waiting to get additional information on the subject and that finally some one told him that the appellant had some money, which he took as a circumstance indicating his guilt and caused him forthwith to arrest the appellant. This evidence was the rankest hearsay, and of course, was inadmissible from the lips of the sheriff for any purpose. If it was evidence of guilt, to the sheriff, it would be as much so to the jury. Had the State offered the testimony of the party who saw the money, a different question would be presented.

The motion for rehearing is granted, and the cause is reversed and remanded.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

After careful consideration of the State's motion for rehearing we have again examined the bill of exception upon which reversal was predicated; and we still believe that the case should have been reversed for the reasons stated in the opinion on appellant's motion for rehearing, which was delivered March 20, 1940.

The State's motion for rehearing is overruled.